**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Criminal Case No. 1:04-cr-00403-LTB

UNITED STATES OF AMERICA

    Plaintiff,

v.

1.    CARLOS ZAPATA HERNANDEZ,
2.    SERGIO ZAPATA-HERNANDEZ, a/k/a "tito," a/k/a "Titillo," a/k/a "Lucas,"
3.    FABIAN MIRANDA-URBINA, a/k/a CHINO l/n/u,
4.    ARNOLDO ZAPATA,
5.    JOSE ALFREDO ZAPATA,
6.    JAIME ARMENDARIZ,
7.    RAMON ZAPATA,
8.    JAIME ZAPATA, a/k/a "Rudy," a/k/a "Jimmy," a/k/a "Chasco,"
9.    EFRAIN VENZOR,
10.    ALBERTO CABRAL, a/k/a "Beto," a/k/a "Tio Beto,"
11.    ARTEMISA ZAPATA-MONTOYA,
12.    HUMBERTO GALVAN, a/k/a "Beto,"
13.    LILIAN GALVAN, a/k/a "Petunia," a/k/a "Yiya,"
14.    BARBARA ZAPATA,
15.    OSCAR ZAPATA, a/k/a "Karin,"
16.    MICHAEL ROMERO, a/k/a "Mike,"
17.    RENE ALVAREZ, and
18.    JOSE ANGEL PEREZ, a/k/a "Primo,"

    Defendants.

**MOTION TO SUPPRESS INTERCEPTED WIRE COMMUNICATIONS**

    Defendants, through their respective counsel,[1] respectfully request the Court

---

[1] At the status conference on December 2, 2005, the Court requested that one global suppression motion be filed on behalf of all Defendants and ordered that motion be coordinated by counsel for Defendant, Sergio Zapata-Hernandez and filed on January 6, 2006. The filing deadline was extended ten (10) days by the Court on the motion of Defendant, Urbina, making the motion due on January 17, 2006. *See*, F.R.CrimP. 45(a). Undersigned counsel sought input from all Defendants concerning this motion. To the extent that any Defendant has additional issues not raised by this motion, they are free to raise those

enter an Order excluding from use as evidence at trial any and all intercepted wire and electronic communications, as well as any evidence derived therefrom for the following reasons:

## **INTRODUCTION**

Defendants were charged with a variety of offenses in a thirty-five count indictment alleging criminal conduct from May, 2002 through August, 2004. The Government appears to have begun its investigation in approximately May, 2002 using traditional investigative techniques. From 2002 through December 18, 2003, the Government, without eavesdropping, gathered evidence sufficient to form the basis of counts two through seven of the indictment. These counts include Defendants Carlos Zapata-Hernandez, Jose Angel Perez, Sergio Zapata-Hernandez, and Fabian Miranda-Urbina.

On April 6, 2004, the Government made its first application to intercept wire communications. The interception of wire communications continued until August, 2004. In total, Government received authorization to intercept phone calls involving seven separate cell phone numbers. The information received as a result of the intercepted wire communications forms the basis of counts one and eight through thirty-five of the indictment.

The various applications and extensions are described below:

---

issues by individual motion no later than January 27, 2006.

## **SUBJECT CELLULAR TELEPHONE SUMMARIES**

**Subject Cellular Telephone One**

**Phone Number:** (303) 710-5208

**Date of Application, Affidavit and Order:**  April 6, 2004 (attached hereto as Exhibits 1, 2, and 3)

**Expiration:**  May 5, 2004, pursuant to 18 U.S.C. § 2518(5)

### **Named Interceptees**

Zapata-Hernandez Target Organization;
Carlos Zapata-Hernandez;
Sergio Zapata-Hernandez;
Jaime Zapata;
Arnoldo Zapata;
Francisco Duran;
Jose Angel Perez;
Jose Jesus Aquino-Ibarra.

**Subscriber:**  Carlos Zapata-Hernandez

**Extensions:**  None

**Subject Cellular Telephone Two**

**Phone Number:** (720) 232-3127/(720) 233-9760

**Date of Application, Affidavit and Order:**  April 6, 2004 (attached hereto as Exhibits 1, 2, and 3)

**Expiration:**  May 5, 2004 as represented in Exhibit 4, p. 8 ¶ 15; Exhibit 8, p. 9 ¶ 16; Exhibit 11, p. 9 ¶ 15 and Exhibit 14, p. 9 ¶ 16, pursuant to 18 U.S.C. § 2518(5)

### **Named Interceptees**

Zapata-Hernandez Target Organization;
Carlos Zapata-Hernandez;

Sergio Zapata-Hernandez;
Jaime Zapata;
Arnoldo Zapata;
Francisco Duran;
Jose Angel Perez;
Jose Jesus Aquino-Ibarra.

**Subscriber:**  Francisco Duran

**First Extension, Application, Affidavit and Order:**  May 6, 2004 for a period of 30 days (attached hereto as Exhibits 4, 5, and 6)

**Expiration:**  June 4, 2004, as represented in Exhibit 8, p. 10 ¶ 19; Exhibit 11, p. 11 ¶ 18, and pursuant to 18 U.S.C. § 2518(5)

**Added Interceptees**

Efrain Venzor;
Rene (l/n/u);
Alberto Amaro Cabral;
Barbara or Barbra Zapata-Hernandez;
Ricky Vasquez;
Mike (l/n/u);
Goyo (l/n/u);
Chupes (l/n/u);
Juan (l/n/u).

**Second Extension, Application, Affidavit and Order:**  June 10, 2004 for a period of 30 days (attached hereto as Exhibits 7, 8, and 9)

**Expiration:**  July 9, 2004 as represented in Exhibit 11, p. 12 ¶ 20, and pursuant to 18 U.S.C. § U.S.C. § 2518(5)

**Added Interceptees**

Primo (l/n/u);
Oscar Zapata-Hernandez;
Elias Botello;
Cursitio (l/n/u);
Vicente (l/n/u);
Petunia (l/n/u);
Carmen (l/n/u);
Lilian Galvan;
Calino (l/n/u).

**Third Extension, Application, Affidavit and Order:**  July 12, 2004 for a period of 30 days (attached hereto as Exhibits 10, 11, and 12)

**Expiration:**  August 10, 2004, pursuant to 18 U.S.C. § 2518(5)

**Added Interceptees**

Beto (l/n/u);
Victor Garcia;
Humberto Galvan;
Chava (l/n/u);
George Montoya;
Artemisa Zapata-Montoya.

**Fourth Extension, Application, Affidavit and Order:**  August 16, 2004 for a period of 30 days (attached hereto as Exhibits 13, 14, and 15)

**Expiration:**  September 15, 2004, pursuant to 18 U.S.C. § 2518(5)

**Added Interceptees**

Julianita Zapata;
Rose Zapata;
Cannibal (l/n/u).

**Subject Cellular Telephone Three**

**Phone Number:**  (303) 249-5656

**Date of Application, Affidavit and Order:**  April 29, 2004 for a period of 30 days (attached hereto as Exhibits 16, 17, and 18)

**Expiration:**  May 28, 2004, pursuant to 18 U.S.C. § 2518(5)

**Named Interceptees**

Zapata-Hernandez Target Organization;
Carlos Zapata-Hernandez;
Sergio Zapata-Hernandez;
Jaime Zapata;
Arnoldo Zapata;
Francisco Duran;
Jose Angel Perez;

Jose Jesus Aquino-Ibarra;
Efrain Venzor;
Rene (l/n/u);
Alberto Amaro Cabral;
Barbara Zapata-Hernandez;
Ricky Vasquez;
Mike (l/n/u).

**Subscriber:**  Carlos Zapata

**First Extension, Application, Affidavit and Order:**  June 1, 2004 for a period of 30 days (attached hereto as Exhibits 19, 20, and 21)

**Expiration:**  June 30, 2004, pursuant to 18 U.S.C. § 2518(5)

**Added Interceptees**

Primo (l/n/u);
Oscar Zapata-Hernandez;
Elias Botello;
Cursitio (l/n/u);
Vincente (l/n/u);
Petunia (l/n/u);
Chino (l/n/u).

**Second Extension, Application, Affidavit and Order:**  June 30, 2004 for a period of 30 days (attached hereto as Exhibits 22, 23, and 24)

**Expiration:**  July 29, 2004, pursuant to 18 U.S.C. § 2518(5)

**Added Interceptees**

Carmen (l/n/u)
Calino (l/n/u)
Beto (l/n/u)
Victor Garcia
Lilian Galvan

**Third Extension, Application, Affidavit and Order:**  August 2, 2004 for a period of 30 days (attached hereto as Exhibits 25, 26, and 27)

**Expiration:**  August 31, 2004, pursuant to 18 U.S.C. § 2518(5)

**Added Interceptees**

Humberto Galvan;
Chava (l/n/u);
Jesus (l/n/u);
Jose Alfredo Zapata;
Sigifredo Perez-Vasquez;
Ramone (l/n/u);
Daniel (l/n/u);
Jaime (l/n/u);
Artemisa Zapata-Montoya.

**Subject Cellular Telephone Four, Five and Six**

**Phone Number:** (915) 892-0830 (**Subject Cellular Telephone Four**); (915) 892-1145 (**Subject Cellular Telephone Five**);(915) 892-1664 (**Subject Cellular Telephone Six**)

**Date of Application, Affidavit and Order:**  July 15, 2004 for a period of 30 days (attached hereto as Exhibits 28, 29, and 30)

**Expiration:**  August 13, 2004, pursuant to 18 U.S.C. § 2518(5)

**Named Interceptees**

Zapata-Hernandez Target Organization;
Carlos Zapata-Hernandez;
Sergio Zapata-Hernandez;
Jaime Zapata;
Arnoldo Zapata;
Francisco Duran;
Jose Angel Perez;
Jose Jesus Aquino-Ibarra;
Efrain Venzor;
Rene (l/n/u);
Alberto Amaro Cabral;
Barbara Zapata-Hernandez;
Ricky Vasquez;
Mike Romero;
Goyo (l/n/u);
Chupes (l/n/u);
Chino (l/n/u);
Juan (l/n/u);

7

Primo (l/n/u);
Oscar Zapata-Hernandez;
Elias Botello;
Cursitio (l/n/u);
Vincente (l/n/u);
Petunia (l/n/u);
Carmen (l/n/u);
Lilian Galvan;
Calino (l/n/u);
Beto (l/n/u);
Victor Garcia;
Humberto Galvan;
Chava (l/n/u).

**Extensions:** None

## LEGAL STANDARDS

Title 3 of the Omnibus Crime Control and Safe Streets Act of 1968, 18 U.S.C. §§ 2510 – 2522 (1994 Cumm. Supp.), establishes a three step process for obtaining authorization to intercept telephone communications. Strict compliance with these procedural steps is a prerequisite to the issuance of a valid wiretap order. *United States v. Giordano*, 416 U.S. 505 (1974). First, an authorized law enforcement official must obtain approval from the United States Attorney General or a specifically designated assistant to apply for a wiretap from a Federal District Court Judge. *See*, 18 U.S.C. § 2516(1). Second, once executive approval is obtained, the officer must present to the Judge a written application for the wiretap. *See*, 18 U.S.C. § 2518(1). Third, the Judge must make certain findings and may issue an *ex parte* order containing specified provisions. *See*, 18 U.S.C. § 2518(3).

The wiretap statute provides for the suppression of all evidence derived from a wiretap if "the communication was unlawfully intercepted," or "the order of authorization

or approval under which it was intercepted is insufficient on its face," or "the interception was not made in conformity with the order of authorization or approval." *See*, 18 U.S.C. § 2518(10)(a).  The federal wiretap statute requires the Government's application include "a full and complete statement as to whether or not other investigative procedures have been tried and failed or why they reasonably appear to be unlikely to succeed if tried or to be too dangerous." *See*, 18 U.S.C. § 2518(1)(c).  Further, any Judge issuing the wiretap order must make a finding that "[n]ormal investigative procedures have been tried and have failed or reasonably appear to be either unlikely to succeed if tried or are too dangerous." *See* 18 U.S.C. § 2518(3)(c).

Accordingly, before a wiretap is authorized, the Government must demonstrate, and the issuing Judge must conclude, that normal investigative procedures have been tried and have failed or reasonably appear to be unlikely to succeed if tried or appear to be too dangerous.

The purpose of these two requirements is to ensure the intrusive device of wiretapping is not resorted to in situations where traditional investigative techniques would suffice to expose the crime. *United States v. Castillo-Garcia*, 117 F.3d 1179, 1185 (10th Cir. 1997).

Traditional investigative techniques are defined as "(1) standard visual and aural surveillance; (2) questioning an interrogation of witnesses or participants (including the use of grand juries and the grant of immunity, if necessary); (3) the use of search warrants; and (4) infiltration of conspiratorial groups by undercover agents or informants." *United States v. Ramirez-Encarnacion*, 291 F.3d 1219, 1222, n.2 (10th Cir.

2002). Pen registers and trap-and-trace devices are also traditional investigative techniques recognized in this circuit. *Id.* Finally, the Government is required to demonstrate necessity as to the primary targets of the wiretaps. *United States v. Mitchell*, 274 F.3d 1307, 1312 (10th Cir. 2001).

## ARGUMENT

### The Wiretaps were Unnecessary

Defendants are aggrieved persons as defined in 18 U.S.C. § 2510(11) and challenge, pursuant to 18 U.S.C. § 2518(10), the issuing court's findings of necessity based on the Government's applications and affidavits as required by 18 U.S.C. §§ 2518(1)(c) and (3)(c).

From approximately April 6, 2004 until August, 2004 the Government listened to and recorded thousands of telephone conversations involving the various Defendants charged in this case. In total, the Government requested and received authorization to intercept outgoing and incoming phone calls involving seven separate phone numbers: 303-710-5208 (subject 1); 720-233-9760 (subject 2); 720-232-3127 (subject 2) ;303-249-5656 (subject 3); 915-892-0830 9 (subject 4); 915 892-1145 (subject 5); and 915-892-1664 (subject 6).

In its various applications, the Government claimed that it needed to secretly listen to the phone conversations of the Defendants because of the failure of normal investigative techniques such as surveillance, informants, search warrants, and grand juries. The Government essentially indicated that in order to fully identify and investigate the entire alleged drug organization at issue, i.e., the Carlos Zapata

Organization, it was necessary to initiate electronic surveillance.

However, it appears that the so-called normal investigative processes were working well.  Prior to seeking permission to eavesdrop, the Government had seized two multiple kilogram shipments of drugs, made numerous recorded drug purchases, was obtaining information from alleged reliable informants and successfully using undercover agents to infiltrate the alleged illegal organization.  For example, on December 11, 2003, the Government seized twenty-four kilograms of cocaine during a traffic stop.  The occupants of the vehicle confessed, implicating Defendant Carlos Zapata-Hernandez, the leader of the alleged drug organization under investigation.   On February 13, 2004, the Government seized another shipment of cocaine weighing twelve kilograms.  Again, the Government claims to have tied these drugs to Carlos Zapata-Hernandez through forensic evidence.  Thus, it is obvious, on the face of the various affidavits in support of the wiretap applications, that normal investigative techniques not only were working, but were, in fact, extremely fruitful.

In addition to these normal investigative techniques, the Government utilized another powerful investigative tool: an informant with knowledge of the inner workings of the alleged drug enterprise.  Informant CS-1 provided information to the Government *prior* to the wiretap applications, including eyewitness accounts of at least five significant drug transactions.  Unlike many drug investigations where the confidential informant witnesses small-time drug transactions, CS-1 in this case allegedly observed significant drug deals involving kilogram quantities of cocaine, as well as one ton of marijuana.

In addition, the informant identified for the Government the structure of the organization, and its members. Therefore, the Government was able, without a wiretap and prior to its authorization, to achieve the ostensible goal of the investigation. At the same time, the Government was having success infiltrating the organization through the use of "CS-FBI" who made numerous, recorded drug transactions with Jose Angel Perez, an alleged distributor of cocaine. "U-C Sanin," an actual government agent, was becoming close to Mr. Perez, who in turn contacted his source of supply at Agent Sanin's direction. Despite these successes, the Government abandoned these traditional methods in favor of the more intrusive but expedient wiretaps. As justification for the wiretaps and the various extensions, the Government speculated about why traditional investigative methods would not work. However, much of this speculation was boilerplate in nature and, more importantly, contradicted by the obvious successes achieved by the Government.

It is also apparent that the multiple extensions of the various wiretaps were unnecessary. In essence, the Government continued to record the same type of information which added little to its continued investigation. At a minimum, the issuing court shall not have extended any of the wiretaps beyond the initial thirty day period.

**Any Continued Interception of Wire Communications During Gaps between the Successive Wiretaps Would be Illegal.**

As noted in the summary of the various applications and extensions above, each application or extension authorized the Government to intercept communications for a period of thirty days. For example, the application for subject cellular telephone two

12

would have expired on May 5, June 4, July 9 and August 10.  The various extensions, however were granted on May 6, June 10, July 12, and August 16, leaving gaps of 1, 4, 3, and 6 days, respectively.  Similarly, subject cellular telephone two contains gaps of 3, 0, and 3 days between extensions.

Defendants have been provided with transcriptions of intercepted communications that reflect no interceptions occurred during the gaps.  It is unclear, however, whether additional intercepted communications, not transcribed or otherwise not provided, exist.  Defendants reserve further litigation of this issue pending clarification with Government counsel.

## Request for Evidentiary Hearing

Defendants recognize that the decision by the Tenth Circuit Court of Appeals in *United States v. Ramirez-Encarnacion*, 291 F.3d 1219 (10th Cir. 202), has been interpreted to obviate the need for any evidentiary hearing regarding necessity challenges to a wiretap issued by a Federal District Court Judge.  Defendants submit, however, that *Ramirez-Encarnacion* merely establishes the appellate standard for review applicable to this Court's determination of this motion based upon whatever evidence is presented.  Accordingly, Defendants request the opportunity to present testimony on the issues raised in this motion.

## **CONCLUSION**

Defendants,  pursuant to 18 USC § 2518(10), move to exclude from use as evidence at trial any and all intercepted wire and electronic communications and any evidence derived therefrom because: (1) the communications were unlawfully

intercepted; and (2) the orders authorizing the interceptions or continuances of interceptions were insufficient in that the applications and affidavits filed by the Government failed to satisfy the necessity requirement.[2]

The Government applied for and obtained wiretaps in connection with this case. Each application for wire interception refers to an affidavit of an investigative agent, and the application and affidavits purport to claim why other investigative procedures have been tried and failed or reasonably appeared to be unlikely to succeed if tried or are too dangerous, in an attempt to comply with 18 USC § 2518(1)(c).

The affidavits for the above-referenced applications for wire interceptions and continuances of wire interceptions fail to establish that sufficient investigative procedures other than wire and electronic interceptions had been tried and failed, or were unlikely to succeed or were too dangerous, as required by 18 U.S.C. § 2518(1)(c) and (3)(c). The necessity requirement is intended "to ensure that the relatively intrusive device of wiretapping 'is not resorted to in situations where traditional investigative techniques would suffice to expose the crime.'" *United States v. Edwards*, 69 F.ed 419, 429 (10th Cir. 1995), *cert. denied,* 116 S.Ct. 2497 (quoting *United States v. Kahn*, 415 U.S. 143, 145, n. 12 (1974)). When standard investigative techniques are fruitful and allow the Government to achieve the purpose of the investigation, wiretaps are not necessary.

In the present case, as outlined above, the traditional investigative techniques utilized by the Government were extremely successful. Boilerplate assertions and

---

[2] Particular Defendants may raise other issues with the Court, such as failure to minimize in their

conclusions from earlier applications and affidavits for the wiretaps, which purport to set forth the necessity for the wire interceptions in the above-referenced applications and orders, were not sufficient to establish necessity, and did not allow the Government to "move swiftly from wiretap to wiretap" without pause to consider the use of other normal investigative procedures.  *United States v. Castillo-Garcia*, 117 F.3d 1179, 1193 (10th Cir. 1993).

The Government achieved the goals of its investigation because, early on, it 1) identified the members of the alleged drug organization; 2) ascertained the hierarchy of the organization; 3) "made cases" against many of the members predicated upon actual drug transactions; 4) seized significant drugs; and 5) obtained confessions and/or cooperation from key members of the alleged organizations.  All of these successes occurred prior to the Government requesting the intrusive wiretap orders and successive extensions.

**WHEREFORE**, Defendants respectfully request that this Honorable Court order that all telephone interceptions pertaining to Defendant and all evidence derived therefrom be excluded from use as evidence at any trial in this matter.

Respectfully submitted this 17th day of January, 2006.

> s/Jeffrey S. Pagliuca
> Jeffrey S. Pagliuca
> Attorney for Defendant
> Sergio Zapata-Hernandez
> Holland & Pagliuca, P.C.
> 1600 Stout Street, Suite 1000
> Denver, CO   80202

---

individual motions.

Telephone: (303) 820-4420
Facsimile: (303) 446-9400
E-Mail: jeff@hollandandpagliuca.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 17th day of January, 2006, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

Mitchell Baker     mitchbaker@estreet.com, struttin79@yahoo.com

Richard James Banta     bantacja@earthlink.net, bantacja2@earthlink.net; bantacja3@earthlink.net

James A. Castle     jcastlelaw@aol.com, nanconnell@hotmail.com

Lisabeth Perez Castle     Lawdenver@aol.com, stacy@castleandcastlelaw.com

Robert Justin Driscoll     driscollrj101@aol.com, sarah_culver@qwest.net

Charles W. Elliott     CWEMDEDME@aol.com, hamcwe@yahoo.com

Martha Horwitz Eskesen     meskesen@eskesenlaw.com,

Jennifer L. Gedde     jennifer@geddelaw.com

Daniel P. Gerash     dgerash@gerashtoray.com, jzmoore@gerashtoray.com

Walter L. Gerash     linda@waltergerash.com, wlg@waltergerash.com

Richard Kent Kornfeld     rickkornfeld@rechtkornfeld.com, admin@rechtkornfeld.com

Forrest W. Lewis     flewispc@aol.com

Donald L. Lozow     apocock@lozow-lozow.com

Neil E. MacFarlane     neil_macfarlane_law@yahoo.com

Lynn Anne Pierce     pierce.blp@comcast.net

Stephanie Podolak     Stephanie.podolak@usdoj.gov, Joyce.Hegge@usdoj.gov; USACO.ECFCriminal@usdoj.gov

Scott T. Poland     scottpoland@earthlink.net

Daniel N. Recht     danrecht@rechtkornfeld.com, admin@rechtkornfeld.com

Michael Gary Root     mroot@mikerootlaw.com

James F. Scherer     Linda@waltergerash.com

Harvey Abe Steinberg     law@springer-and-steinberg.com, jcooley@springer-and-steinberg.com

John F. Sullivan , III     jfslaw1@aol.com,

Richard L. Tegtmeier     richard@tegtmeierlaw.com, devon@tegtmeierlaw.com

E. Richard Toray     rtoray@gerashtoray.com, jzmoore@gerashtoray.com

Jonathan S. Willett     wmllc1002@qwest.net, daylmer@qwest.net

Earl Sherwood Wylder     linda@waltergerash.com, wlg@waltergerash.com

**Notice will be delivered by other means to:**

Angelica B. Carreon
Angelica B. Carreon, P.C.
210 North Campbell
El Paso, TX 79901

Lucia Consuelo Gallery
Isaacson Rosenbaum, P.C.
633 - 17th Street
#2200
Denver, CO 80202

Charles Louis Roberts
Charles Louis Roberts, Attorney at Law
101 South Kansas
El Paso, TX 79901

Anita Marcia Springsteen
Anita Marcia Springsteen, Attorney at Law
5000 West 13th Avenue
Denver, CO 80204

s/Jeffrey S. Pagliuca
Jeffrey S. Pagliuca
Attorney for Defendant
Sergio Zapata-Hernandez
Holland & Pagliuca, P.C.
1600 Stout Street, Suite 1000
Denver, CO   80202
Telephone: (303) 820-4420
Facsimile: (303) 446-9400
E-Mail: jeff@hollandandpagliuca.com
