IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No. 04-cr-00403-LTB

UNITED STATES OF AMERICA,

      Plaintiff,

v.

14.  BARBARA ZAPATA,

      Defendant.

---

Rule 11(c)(1)(B) PLEA AGREEMENT,
COOPERATION AGREEMENT,
AND STIPULATION OF FACTS

---

The United States of America, WILLIAM J. LEONE, UNITED STATES ATTORNEY, by and through Stephanie Podolak, Assistant United States Attorney for the District of Colorado, and the defendant, BARBARA ZAPATA, personally and by her attorney, Walter Gerash, Esq., submit the following Plea Agreement, Cooperation Agreement, and Stipulation of Facts pursuant to Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure and District Court of Colorado Local Rule 11.1.

### I. PLEA AGREEMENT

    1.  The defendant agrees to plead guilty to a single count information which charges that on or about July 22, 2004, within the State and District of Colorado, the defendant, BARBARA ZAPATA, did knowingly and intentionally possess equipment, chemicals, products or materials which may be used to manufacture

1



a controlled substance having reasonable cause to believe that such equipment, chemical product or material will be used to manufacture a controlled substance, and did knowingly and intentionally aid, abet, counsel, command or procure the same. All in violation of Title 21, U.S.C. Section 843(a)(6), and Title 18, U.S.C. Section 2.

2. In consideration of this plea, the government, at the time of sentencing, agrees to dismiss, with prejudice, all counts of the redacted indictment pertaining to this defendant.

3. In further consideration of this plea, the government agrees to file a motion requesting that the defendant receive a two level decrease for acceptance of responsibility pursuant to United States Sentencing Guideline Section 3E1.1(a).

4. In exchange for a plea to this information, the defendant agrees to provide truthful, complete and accurate information, and agrees to cooperate fully with the Government. This cooperation will include, but is not limited to, the following:

    a. The defendant agrees to be fully debriefed, and to attend all meetings at which her presence is requested, concerning his participation in and knowledge of all criminal activities.

    b. The defendant agrees to furnish to the Government all documents and other material that may be relevant to the investigation and that are in the defendant's possession or control.

      c.    The defendant agrees not to reveal her cooperation, or any information derived therefrom, to any third party without prior consent of the Government.

      d.    The defendant agrees to testify at any proceeding in the District of Colorado or elsewhere as requested by the Government.

      e.    The defendant consents to postponements of his sentence, as requested by the Government and as approved by the Court.

5. In consideration of this proposed cooperation, the government agrees to recommend a sentence of time served. The parties recognize that this recommendation is not binding on the Court and that the Court may sentence the defendant up to the four year statutory maximum.

## II. **STATUTORY PENALTIES**

6. The maximum statutory penalty for a violation of Title 21, United States Code, Section 843(a)(6) and Title 18, United States Code, Section 2, is not more than 4 years imprisonment; not more than $250,000.00 fine, or both; not more than one year supervised release; and $100 special assessment fee. There is no restitution. There is no minimum mandatory statutory penalty for this offense.

7. The conviction may cause the loss of civil rights, including but not limited to the rights to possess firearms, vote, hold elected office, and sit on a jury. A violation of the conditions of probation or supervised release may result in a separate prison sentence.

8.  Also in consideration of this plea, as set forth in the forfeiture count, Count Thirty-Four of the Indictment, the defendant BARBARA ZAPATA agrees to forfeit any and all of her interest in the following:

(a) All that lot or parcel of land, together with its buildings, appurtenances, improvements, fixtures, attachments and easements, more particularly described as:

(1) 6575 Meade Court, Arvada, Colorado, Lot 7, Block 1, Lakeshore Estates Filing Number 1, Adams County, Colorado, titled in the name of Barbara Zapata.

(2) 15150 Almstead Street, Denver, Colorado, Lot 1, The Estates at Bromley South Amended, Adams County, Colorado, titled in the names of Carlos Zapata and Barbara Zapata.

(3) vacant land, lots 24, and 27, Block 2, Hawk Ridge Subdivision, Adams County, Colorado, titled in the names of Carlos Zapata, and Jaime Zapata.

(4) all United States funds seized from US Bank Account # 103657774396 held in the name of Carlos Trucking, Carlos Z. Hernandez.

(5) $9,352.00 in U.S. Currency seized from Carlos Zapata and Barbara Zapata;

(6) Bersa S.A. Thunder 380 SN 456882; and Beretta Model 92FS compact SN BER096174 seized from Carlos Zapata's residence;

    (7) 2002 Bourget Motorcycle, VIN 1B9BGY8A02A393311, seized from Carlos Zapata;

    (8) 2002 Ebbtide Boat, Colorado Parks and Recreation Plate: CL9037FW and 2002 Heritage Trailer, VIN #4APKB181121000152, seized from Carlos Zapata, and Barbara Zapata; and

    (9) 1994 Kenworth Dump Truck, VIN 1XKWDR9X3RS633116, seized from Carlos Zapata.

  9. With respect to this forfeiture, the defendant agrees to execute all documents, however denominated, presented by the Government to effect the forfeiture of these funds. The defendant further agrees to waive all interest in any such asset in any administrative or judicial forfeiture proceeding, whether criminal or civil, state or federal. The defendant agrees to consent to the entry of orders of forfeiture for such property and waives the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. The defendant acknowledges that he understands that the forfeiture of assets is part of the sentence that may be imposed in this case and waives any failure by the court to advise him of this, pursuant to Rule 11(b)(1)(J), at the time his guilty plea is accepted. The defendant further agrees to waive all

constitutional and statutory challenges in any manner (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this Plea Agreement on any grounds, including that the forfeiture constitutes an excessive fine or punishment. The defendant agrees to take all steps as requested by the United States to pass clear title to forfeitable assets to the United States, and to testify truthfully in any judicial forfeiture proceeding. The defendant acknowledges that all property covered by this agreement is subject to forfeiture as proceeds of illegal conduct or property facilitating illegal conduct.

### III. STIPULATION OF FACTUAL BASIS AND FACTS RELEVANT TO SENTENCING

10. The parties agree that there is no dispute as to the material elements which establish a factual basis of the offense of conviction.

11. Pertinent facts are set out below in order to provide a factual basis of the plea and to provide facts which the parties believe are relevant. To the extent the parties disagree about the facts relevant to sentencing, the statement of facts identified which facts are known to be in dispute at the time of the plea.

12. The statement of facts herein does not preclude either party from presenting and arguing, for sentencing purposes, additional facts or factors not included herein which are relevant to sentencing in general.

6

13. This investigation began in January 2000, and continued until August 23, 2004, the date of arrests. At trial, the government will show that all the evidence obtained during the investigation established that, during the time period alleged in the indictment, CARLOS ZAPATA-HERNANDEZ was operating a large-scale narcotics trafficking operation in the Denver metropolitan area (hereinafter the "ZAPATA-HERNANDEZ TARGET ORGANIZATION"). The defendant BARBARA ZAPATA is the wife of CARLOS ZAPATA-HERNANDEZ.

14. The government would also show that CARLOS ZAPATA-HERNANDEZ negotiated directly with Mexican sources of supply and also traveled to Mexico in order to arrange for and facilitate the importation of loads of cocaine into the United States. The cocaine shipments were secreted inside the spare tires of load vehicles with each tire containing any where from 5 to 9 kilograms of cocaine. The loads would be driven from Mexico to El Paso, Texas, and delivered to members of the ZAPATA-HERNANDEZ organization who resided in that area. Members of the conspiracy, who lived in Denver, would travel to El Paso, obtain the load vehicles, and transport the drugs to Colorado. The spare tires would be off-loaded at residences owned by members of the conspiracy which were used as stash locations. CARLOS ZAPATA-HERNANDEZ would then direct the distribution of the cocaine to various individuals within the conspiracy. Drug

proceeds would ultimately be collected, again secreted in the spare tires, and driven back to Mexico by members of the organization.

15.   The below-described information establishes a factual basis for the information which is the subject of this plea agreement.

16.   On July 22, 2004, at 2:52 p.m., co-defendant FABIAN MIRANDA-URBINA was in a Vitamin store attempting to purchase a cutting agent which he and CARLOS ZAPATA-HERNANDEZ would then use to dilute or cut cocaine. FABIAN MIRANDA-URBINA, who does not speak English, was having trouble communicating with the clerk who did not speak Spanish.

17.   While at the store, FABIAN MIRANDA-URBINA placed a call to CARLOS ZAPATA-HERNANDEZ and asked if CARLOS ZAPATA-HERNANDEZ questions about which brand of cutting agent he wanted to purchase. FABIAN MIRANDA-URBINA asked CARLOS ZAPATA-HERNANDEZ if he meant the containers with the small top or the ones with the large top?  CARLOS ZAPATA-HERNANDEZ said that it was the container with the large top.  MIRANDA-URBINA then said that there were some with black letters and symbols on them.  CARLOS ZAPATA-HERNANDEZ said that they should be in red.  MIRANDA-URBINA said that there were others that were orange with a white container.  CARLOS ZAPATA-HERNANDEZ confirmed that he meant the white container with the reddish-orange tops.  MIRANDA-URBINA

said that the letters were white inside an orange square and the containers read "Superior B." CARLOS ZAPATA-HERNANDEZ said that he had thrown out the container, but recalled that the white container had a large top with reddish-orange script on it. MIRANDA-URBINA said that he would put an English-speaking guy on the phone and CARLOS ZAPATA-HERNANDEZ told MIRANDA-URBINA that he would put BARBARA ZAPATA on the phone to talk to the clerk.

   18.   BARBARA ZAPATA then got on the telephone and spoke to an unknown male who identified himself as the guy from Vicmart. BARBARA ZAPATA and the unknown male exchanged greetings. The unknown male asked what they needed? BARBARA ZAPATA-HERNANDEZ explained that he (CARLOS ZAPATA-HERNANDEZ) needed some vitamins. The unknown male asked what kind, if it was Lysatol, Nonatol (ph), Vitablends (ph) or Superior B? BARBARA ZAPATA-HERNANDEZ said that he needed the kind that came in a white bottle with a red top. The unknown male said that they had it in stock and added that it is called Lysatol. BARBARA ZAPATA-HERNANDEZ asked if that was the only kind that was available. The unknown male said that he would talk to MIRANDA-URBINA and that they would be all right.

   19.   At the time of this conversation, BARBARA ZAPATA had reasonable cause to believe that the Lysatol would be used to help dilute the controlled substance, to wit, cocaine, in order to make a greater quantity of the controlled substance.

## IV. **SENTENCING COMPUTATION**

20. The parties submit the following sentencing guideline calculation for the Court to consider in determining the defendant's sentence under Title 18, U.S.C. Section 3553. The parties understand that the Court may impose any sentence, up to the statutory maximum, regardless of any guideline range computed and that the Court is not bound by the position of the parties. The Court is free to reach its own findings of facts and factors considering the parties stipulations, the pre-sentence investigation, and any other relevant information.

   A. Pursuant to Section 2D1.12(a)()2), the base offense level is 9.

   B. There are no obstruction of justice or role in the offense enhancements or reductions.

   C. The defendant should receive a two level downward adjustment for acceptance of responsibility. The resulting offense level is 7.

   D. The parties understand that the stipulation regarding criminal history of the defendant is tentative, and that the defendant is in a better position to know the relevant facts than is the government. The criminal history category is more completely and accurately determined by the Probation Department and additional facts regarding the criminal history can greatly affect the final guideline range. Nevertheless, the parties believe that the defendant is in Criminal History Category I.

   E. The career offender/career livelihood adjustments do not apply.

   F. The guideline range resulting from the offense level of 7 in (D) above, and the (tentative) criminal history category of I is 0-6 months. The government will recommend a sentence of time served.

10

## V. REASONS WHY THE PLEA AGREEMENT IS APPROPRIATE

21. The plea encompasses all relevant conduct and adequately reflects the serious nature of the criminal activity engaged in by the defendant.

22. No agreements or conditions have been entered into other than those set forth in this agreement, and none will be entered into unless memorialized in writing and signed by all parties. This agreement, to become effective, must be signed by all of the parties listed below.

Dated: Denver, Colorado
July 5th 2006

Respectfully submitted,

WILLIAM J. LEONE
United States Attorney
District of Colorado

By: _____
Stephanie Podolak
Assistant U.S. Attorney

Agreed and consented to:

_____
BARBARA ZAPATA
Defendant

Approved by:
_____
Walter Gerash, Esq.
Counsel to Defendant

11